**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**Ruben Cruz on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**Zwicker & Associates, P.C.**

**Defendant.**

**No.**

**CLASS ACTION**

**Class Action Complaint for**
**Violations of the Fair Debt Collection Practices Act**

Plaintiff Ruben Cruz ("Plaintiff" or "Cruz") files this Class Action Complaint seeking redress for the illegal practices of Defendants in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq.

1. Defendant's pattern and practice of sending form debt collection letters on the letterhead of an attorney while no attorney was meaningfully involved in process, is false and deceptive and has been specifically prohibited by the Second Circuit Court of Appeals.

**Parties**

2. Plaintiff Ruben Cruz is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The Defendant is a debt collector located in New York state.

5. Defendants are regularly engaged in the collection of debts allegedly due to others.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 USC 1692 et seq. in that they regularly collect debts due to another, and it is their primary business purpose.

7. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services; and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for a consumer credit card.

**Jurisdiction and Venue**

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction 28 U.S.C. Section 1367.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

**Factual Allegations**

12. On or about June 2, 2017, the Defendant sent the Plaintiff a debt collection letter seeking to collect a debt owed to Synchrony Bank. (Exhibit A)

13. The letter was the first communication to Plaintiff from the Defendant.

14. The letterhead of Exhibit A states "Zwicker & Associates, P.C."

15. The first sentence in the body of Exhibit A states "This law firm has been retained by the above-named creditor to assist in the collection of the funds you owe on the above referenced account."

16. Exhibit A is a form letter. No attorney meaningfully reviewed Exhibit A before the letter was sent to Plaintiff.

17. The least sophisticated consumer receiving Exhibit A would believe that an attorney was meaningfully involved with the sending Exhibit A to the Plaintiff.

18. Exhibit A is false and deceptive because it misleads the Plaintiff as to whether an attorney was meaningfully involved in the sending of Exhibit A to the Plaintiff.

19. By indicating that the letter came from an attorney's office, Exhibit A is intended to give the false impression to consumers that the "price of poker has just gone up." *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), as cited in *Miller v. Upton*, 687 F. Supp. 2d 86, 94-95 (E.D.N.Y. 2009).

***Class Action Allegations***

18. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e*., the class members), which is a matter capable of ministerial determination from the Defendants' records.

d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

19. A class action is superior for the fair and efficient adjudication of the class members' claims.

20. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

21. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

22. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within New York; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

25. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**Violations of the Fair Debt Collection Practices Act**

26. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

**Class Allegations Related to Exhibit A**

27. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC 15 USC 1692e, 15 USC 1692e(3), 15 USC 1692e(5), and 5 USC 1692e(10) in that the Defendant made false, misleading, and deceptive statements in an attempt to collect a debt.

28. Defendants' violations of 15 U.S.C. §1692, *et seq*., render Defendant liable to Plaintiff and the Class.

29. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendants sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip , New York
May 22, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO

Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

# EXHIBIT A

ZWICKER & ASSOCIATES, P.C.®
ATTORNEYS AT LAW

THIS LAW FIRM EMPLOYS ONE OR MORE ATTORNEYS ADMITTED TO PRACTICE IN THE FOLLOWIN STATES:

ALASKA
ARIZONA
CALIFORNIA
COLORADO
CONNECTICUT
FLORIDA
GEORGIA
IDAHO
ILLINOIS
INDIANA
KENTUCKY
MAINE
MARYLAND
MASSACHUSET
MICHIGAN
MINNESOTA
NEW JERSEY
NEW HAMPSHIRE
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TENNESSEE
TEXAS
VERMONT
VIRGINIA
WASHINGTON
WEST VIRGINIA
DISTRICT OF COLUMBIA

RUBEN CRUZ
9 BROOK AVE
BAY SHORE, NY 11706-7404

***Personal and Confidential***
Creditor: Synchrony Bank
Account number ending in: 1306 [1]
Balance: $2,772.57

06/02/17
RE: PC Richard account
File ID: 4993518

Dear RUBEN CRUZ:

This law firm has been retained by the above-named creditor to assist it in the collection of the funds you owe on the above-referenced account. As of the date of this letter, you owe $2,772.57.

The following is an itemized accounting of your balance going forward from the date your account was charged off:

| | |
|---|---|
| Total amount due as of charge-off | $2,772.57 |
| Total amount of interest accrued since charge-off | +$0.00 |
| Total amount of non-interest charges or fees accrued since charge-off | +$0.00 |
| Total amount of payments/credits made since charge-off | -$0.00 |
| Balance as of 06/02/17 | $2,772.57 |

This letter is not a threat of suit and should not be construed to be a threat of suit.

*Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days after your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor.*

Please contact this office to discuss repayment with one of our non-attorney account representatives.

**IMPORTANT NOTICES**

***We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.***

**NEW YORK STATE:**
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(1) The use or threat of violence;
(2) The use of obscene or profane language; and
(3) Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

(1) Supplemental security income (SSI); (2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

Federal law or other state laws may also provide you with similar or even greater rights.

Sincerely,
ZWICKER & ASSOCIATES, P.C.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

[1] Please read the important notices appearing on the back of this letter.

**Zwicker & Associates, P.C., 80 Minuteman Road, Andover, MA 01810-1008**
Tel. (877) 273-9783 Fax (978) 686-3538 TTY (877) 249-1916
NY CITY AND YONKERS RESIDENTS ONLY CALL (877) 368-4531

GECOIDL

Authorizing us by phone to set up payments on your account

If you and this firm agree that you can make a series of monthly payments on your account in specified amounts, you can authorize this firm by phone to initiate those payments electronically from your bank account By (1) calling us at 800-370-2251 (NY City and Yonkers Residents Only Call 877-368-4531) or taking a call from us; (2) specifying the amounts and dates of payments which you would like to make; (3) identifying the bank account of yours which you wish to use to make the payments; and (4) electronically signing this Authorization, you authorize us to initiate payments from your account in the amounts and on the dates that you specify. You understand that your bank may charge you a fee for any unsuccessful payment and that we have no liability for any such fee. **YOU ARE NOT REQUIRED TO ARRANGE FOR OR AUTHORIZE ANY PAYMENTS OF THIS TYPE. If you choose to provide this authorization, you can cancel it by calling us toll free at 877-220-6665 at least three business days before the day on which you want the cancellation to be effective.**

OFFICE HOURS: Monday through Thursday 8:00 AM – 9:00 PM, and Friday 8:00 AM – 7:00 PM. (All times are Eastern).

New York City Department of Consumer Affairs License No. 2045431-DCA: 80 Minuteman Road, Andover, MA 01810
New York City Department of Consumer Affairs License No. 2045486-DCA: 2300 Litton Lane, Suite 200, Hebron, KY 41048
New York City Department of Consumer Affairs License No. 2048466-DCA: 1225 West Washington St., Suite 110, Tempe, AZ 85281